*Law Office of*
*Francisco E. Celedonio, Esq.*
*401 Broadway, 25th Fl.*
*New York, New York 10013*

*(212) 219-7533*                                                                 *Fax (212) 219-4094*

August 7, 2008

**VIA ECF AND BY HAND DELIVERY**
Honorable Shira A. Scheindlin
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: *United States v. Reinaldo Mercado,*
          08 Cr. 338 (SAS)

Dear Judge Scheindlin:

   This sentencing memorandum is submitted in connection with the sentencing of Mr. Reinaldo Mercado, scheduled for August 14, 2008.

   In light of the paucity of any significant legal and factual dispute, as well as the undisputed application of the United States Sentencing Guidelines ("Guidelines"), and the statutory mandatory minimum under 18 U.S.C. § 841(b)(1)(B), this submission seeks that the Court sentence Mr. Mercado to the minimum available sentence, a 60-month period on incarceration.

*Hon. Shira A. Scheindlin*
*United States v. Reinaldo Mercado*
*August 7, 2008*

# I        INTRODUCTION

As the Court is aware, on April 14, 2008 Mr. Reinaldo Mercado pled guilty before United States Magistrate Judge Debra C. Freeman pursuant to a plea agreement which contained the following calculation under the Guidelines: (i) a base offense level of 28; (ii) a 3-level downward adjustment for acceptance of responsibility, arriving at an adjusted offense level of 25; and, (iii) in Criminal History Category II, a stipulated advisory Guidelines sentencing range of 63-78 month's incarceration.  As previously noted, 841(b)(1)(B) calls for a 5-year statutory minimum sentence.

The Pre-Sentence Investigation Report's sentencing analysis mirrors that embodied in the plea agreement.  Probation recommends a 63 month period of incarceration.

# II       THE CHARGED OFFENSE

In light of the plea agreement, the plea allocution before the Magistrate Court, as well as the facts presented in the PSI, we will respectfully assume the Court's familiarity with the relevant underlying facts.  We note, however, that there are no aggravating facts that would mitigate in favor or a sentence beyond 5 years of incarceration.

# III      REINALDO MERCADO'S PERSONAL AND FAMILY HISTORY

Reinaldo Mercado is a 33-year old native of the Dominican Republic who immigrated to the United States in order to escape the destitute conditions under which he was raised.  *See* PSI at ¶ 34.  Perhaps the most telling element of Reinaldo Mercado's personal and family history is that although his father was employed during his

Hon. Shira A. Scheindlin
*United States v. Reinaldo Mercado*
August 7, 2008

childhood, essentials such as food and clothing were often lacking. *Id*. Thus, in 1998 Mr. Mercado came to the United States is search of a better life. Despite his efforts and limited success in obtaining gainful employment, economic and family circumstances conspired against him. Thus, in 2007 he found himself unemployed, raising four children (a fifth *in vitro*), and his father suffering the after effects of a stroke.

    A.    *Family and Community Ties*

As described in the in the PSI, *see* ¶ 35-38, since his arrival in the United States Mr. Reinaldo Mercado has substantial relationships and community contacts with his common law wife Andrea liz, and his five children (ages 5 months thru 8 years old). Indeed, it was the need to provide for his children at a time when Andrea Liz was pregnant that led to his participation in the offense of conviction.

    B.    *Educational History*

Reinaldo Mercado attended grammar school in the Dominican Republic, dropping out upon completing the sixth grade in order to find a job and help his family. Thus, at a young age Mr. Mercado was never provided the tools ordinarily necessary to build future success. *See* PSI at ¶ 44.

    C.    *Employment History*

Although sporadic, it is undeniable that Reinaldo Mercado has a history of gainful employment since coming to the United States. *See* PSI at ¶ 45-50. Indeed, since 1998 he has worked at bodegas (1998-2001) in both New York and New Jersey, as a construction laborer (in Long Island in 2001), as a maintenance worker (in 2005), and as a part-time employee at Burger King (in the Bronx in 2006). Given the paucity of

*Hon. Shira A. Scheindlin*
*United States v. Reinaldo Mercado*
*August 7, 2008*

education and his inability to speak English, Mr. Mercado's efforts at securing gainful employment are somewhat laudable.

        D.    *Substance Abuse History*

Reinaldo Mercado does have a history of drug abuse, beginning with marijuana usage and including cocaine abuse. *See* PSI at ¶ 42. Undoubtedly his own drug abuse history contributed to his involvement in the offense of conviction.

## IV    APPLICABLE LEGAL PRINCIPLES

        A.    *The Sentencing Reform Act in Light of Booker/Fanfan*

As we trust the Court's knowledge and understanding of its sentencing authority we will not attempt to provide an exegesis of federal sentencing law in the wake of the Supreme Court's decision in *Booker/Fanfan*, or the Second Circuit's decision in *United States v. Crosby*, 307 F.3d 103 (2d Cir. 2005). We also realize the limited sentencing discretion available to the Court given the applicable Guidelines and the statutory mandatory minimum sentence required under § 841(b)(1)(B). Nevertheless, we think it important to attempt to provide the Court some guidance from the defense perspective.

*Sentencing Factors Under 18 U.S.C. § 3553*

Of course, notwithstanding *Booker/Fanfan*, 18 U.S.C. § 3553 provides the statutory authority and framework for sentencing in federal court. *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 211, 98 Stat. 71987, 1989-90 (1984). In enacting the Sentencing Reform Act Congress expressly stated that courts "shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes of criminal

*Hon. Shira A. Scheindlin*
*United States v. Reinaldo Mercado*
*August 7, 2008*

sanctions. 18 U.S.C. §§ 3553(a). The Sentencing Reform Act explicitly delineates the purposes of criminal sanctions. Section 3551(a) provides that every defendant "shall be sentenced . . . so as to **achieve the purposes** set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable **in light of all the circumstances of the case**." (emphasis added).

*Sufficient But Not Greater Than Necessary*

As noted earlier, 18 U.S.C. § 3553(a) expressly provides for a sentence "not greater than necessary" to achieve the purposes of sentencing. *United States v. Johnson*, 964 F.2d 124, 125 (2d Cir. 1992)("the United States Sentencing Guidelines do not require a judge to leave compassion and common sense at the door to the courtroom") *cited in United States v. Blarek II*, 7 F. Supp.2d at 210. This statutory mandate takes on new meaning in light of *Booker/Fanfan* for the obvious reason that judges are now permitted to weigh factors previously prohibited in achieving a just sentence. Perhaps more than any other factor in the statutory scheme of the Sentencing Reform Act, the goal of imposing a sentence "not greater than necessary" is synonymous with doing justice.

  B. *§ 3553(a)(1): Offender Characteristics*

As already noted herein, Reinaldo Mercado's life has been marred by a paucity of educational opportunities and drug abuse. We also note the dire economic circumstances that necessarily contributed to Mr. Mercado's participation in the offense of conviction. As noted by Probation, at the time of the offense not only was Mr. Mercado faced with providing for four children (and his common law wife was pregnant with his fifth child), but his father (living in the Dominican Republic) was suffering from the debilitating effects

5

*Hon. Shira A. Scheindlin*
*United States v. Reinaldo Mercado*
*August 7, 2008*

of a stroke. Thus, the economic and emotional stress on Mr. Mercado and his family were a significant contributor to his criminality.

### C.    § 3553(a)(2): The Purposes of Sentencing

Subparagraphs (A) through (D) of 18 U.S.C. § 3553(a)(2) instruct courts to consider the necessity of the sentence imposed: (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (ii) to afford adequate deterrence to criminal conduct; (iii) to protect the public from further crimes of the defendant; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other, correctional treatment in the most effective manner. 18 U.S.C. §§ 3553(a)(2)(A)-(D). *See, generally, United States v. Blareck II*, 7 F.Supp.2d 192 (E.D.N.Y. 1998). We respectfully submit that the purposes of sentencing as outlined in § 3553(A)(2)(A)-(D) would be furthered by the minimum sentence available under 841(b)(1)(B).

*§ 3553(a)(2)(A): The seriousness of the offense,*
*Respect for the Law, and Just Punishment*

The concepts embodied in § 3553(a)(2)(A) are interrelated and necessarily vary from case to case, depending on the nature of the offense, the underlying facts, and the defendant. There can be no more difficult task than the assessment of what constitutes a "just" sentence in any given case.

*§ 3553(a)(2)(B) and 3553(a)(2)(C): General and Specific Deterrence*

Section 3553(a)(2)(B) instructs this Court to consider "the need for the sentence imposed" to afford "adequate deterrence to criminal conduct." Deterrence,

*Hon. Shira A. Scheindlin*
*United States v. Reinaldo Mercado*
*August 7, 2008*

however, must be seen in light of the mandate of § 3553(a) that a sentence not be "greater than necessary." The concept of general deterrence, like the concept of a "just sentence," is necessarily not subject to precise definition.

We recognize that Mr. Mercado has been previously incarcerated for a narcotics offense. *See* PSI at ¶ 30. Nevertheless, we submit that even the minimum period of incarceration available (5 years) will operate as a significant deterrent to future criminality. Moreover, given his immigration status, it is a virtual certainty that Mr. Mercado will not only be deported from the United States, but that he will not be eligible to return. Thus, the need to protect our community from future recidivism is minimal.

*§ 3553(a)(2)(D): Provision of Educational*
*or Vocational Training*

Section 3553(a)(2)(D) requires this Court to consider the need to provide the defendant educational or vocational training, medical care, or other correctional treatment in the "most effective manner." Thus, rehabilitation and the improvement of the defendant are express goals of sentencing. *See Harmelin v. Michigan,* 501 U.S. 957, 999 (1991); and *United States v. Giraldo*, 822 F.2d 205, 210 (2d Cir.), *cert. denied*, 484 U.S. 969 (1987). Rehabilitation is designed to instill "in the offender proper values and attitudes, by bolstering respect for himself and institutions, and by providing [] the means of leading a productive life." *See* Charles E. Torcia, 1 *Wharton's Criminal Law,* § 18 (15th ed. 1993).

In the context of the history and characteristics of Reinaldo Mercado, the provision of drug treatment and rehabilitation is the single most important goal to be furthered by incarceration. We submit that the statutory mandatory minimum sentence provides ample opportunity to provide him drug rehabilitation

*Hon. Shira A. Scheindlin*
*United States v. Reinaldo Mercado*
*August 7, 2008*

      D.    *§ 3553(a)(3): The Kinds of Sentences Available*

There is no legal impediment upon the Court that precludes a sentence at the mandatory minimum.

      E.    *§ 3553(a)(4) & § 3553(a)(5): The Advisory Guidelines*

Although the Guidelines are now advisory, we recognize the Court's obligation to consult and address the applicable Guidelines sentence. Under the Guidelines the Court has broad discretion in forging an appropriate sentence.

      F.    *§ 3553(a)(6): Avoiding Sentencing Disparity Among Similarly Situated Defendants*

A sixty-month sentence is consistent with the goal of avoiding sentencing disparities.

**V    SENTENCING RECOMMENDATION**

In light of the facts and circumstances discussed herein, we request the Court sentence Reinaldo Mercado to the mandatory statutory minimum sentence. We also request the Court not impose a fine as this defendant does not currently have, nor is he likely to have, the resources to pay a fine.

I thank the Court for its consideration of the issues presented herein.

          *Respectfully Submitted,*

          Francisco E. Celedonio, Esq.

cc: AUSA Julian Moore